## J. H. Wall, Appellee, v. Italian Vineyard Company, Appellant.

### Gen. No. 23,217.     (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 12, 1918.

### Statement of the Case.

Action by J. H. Wall, plaintiff, against Italian Vineyard Company, defendant, to recover damages for breach of a contract of employment. From a judgment for plaintiff for $725, defendant appeals.

BLUM, WOLFSOHN & BLUM, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 82*—*what evidence admissible to show probable earnings for balance of term of employment of employee working on commission.* In an action to recover damages for breach of a contract under which plaintiff was to be compensated by commissions on sales, evidence as to his earnings during the period he was retained in the employment and as to his average earnings during the busy months for the business may be used as a basis for determining his probable earnings during the remainder of the term of employment, and the probable earnings in the busy months of the fall, prior to which time he was discharged, may be computed from his earnings in the corresponding busy months of the spring, during which time he had worked.

2. MASTER AND SERVANT, § 85*—*when refusal of instruction in action for breach of contract of employment not erroneous.* In an action to recover damages for breach of a contract of employment, it is

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

proper to refuse an instruction proffered by defendant that it is for the jury to determine what, under the evidence, was the reasonable value of plaintiff's services to himself while in his own employ after the breach, where the only evidence is that plaintiff's own venture was unprofitable.

3. MASTER AND SERVANT, § 81*—*when burden on defendant in action by servant for breach of contract of employment.* In an action to recover damages for breach of a contract of employment, the burden is on defendant to show the value of plaintiff's services to himself in a business undertaken by him after the breach as well as to show any other fact which might reduce plaintiff's damages.

